23-4466

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

**ESTATE OF DECEDENT LOLOMANIA SOAKAI, LAVINIA SOAKAI, DANIEL FIFITA, SAMIEUELA FINAU, and INA LAVALU,**

Plaintiffs and Appellees,

vs.

**WALID ABDELAZIZ and JIMMY MARIN-CORONEL**

Defendants and Appellants.

---

Appeal from the United States District Court
Northern District of California
Hon. Sallie Kim, U.S. Magistrate Judge
Case No. 3:23-cv-00381 SK

---

## APPELLANTS' PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

David B. Newdorf
Newdorf Legal
630 Thomas L. Berkley Way, Suite 103
Oakland, California 94612
Telephone:  (415) 357-1234
david@newdorf.com
*Attorney for Defendant/Appellant Walid Abdelaziz*

Richard W. Osman
Bertrand Fox Elliot Osman + Wenzel
2749 Hyde Street
San Francisco, CA 94109
rosman@bfesf.com
*Attorneys for Defendant/Appellant Jimmy Marin-Coronel*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................ii

I.    THE PANEL MAJORITY ERRED IN FINDING IT WAS "CLEARLY ESTABLISHED" THAT POLICE MAY BE LIABLE TO BYSTANDERS INJURED BY A FLEEING SUSPECT PURSUED BY POLICE ABSENT ANY INTENT TO HARM THE BYSTANDERS. ..................................................................... 6

II.    THE OFFICERS WOULD NOT HAVE VIOLATED CLEARLY ESTABLISHED LAW IF THEY FAILED TO RENDER AID AND ASSISTANCE AT THE SCENE OF THE ACCIDENT ...... 16

CONCLUSION ........................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Childress v. City of Arapaho*
　　210 F.3d 1154 (10th Cir. 2000) ............................................................... 13

Claybrook v. Birchwell
　　199 F.3d 350 (6th Cir. 2000) .................................................................. 12

*Herbert v. New Orleans City*
　　2020 U.S. Dist. LEXIS 142031 (E.D. La. Aug. 10, 2020) ...................... 14

*Jessop v. City of Fresno*
　　936 F.3d 937 (9th Cir. 2019) .................................................................... 7

*Joubert v. City of Houston*
　　No. 4:22-CV-3750, 2024 U.S. Dist. LEXIS 172534 (S.D. Tex. Sep. 24,
　　2024) ......................................................................................................... 15

*Kisela v. Hughes*
　　584 U.S. 100 (2018) ................................................................................... 7

*L.W. v. Grubbs*
　　974 F.2d 119 (9th Cir.1992) ...................................................................... 17

*Martinez v. City of Clovis*
　　943 F.3d 1260 (9th Cir. 2019) ............................................................. 5, 16

*Moreland v. Las Vegas Metropolitan Police Dept.*
　　159 F.3d 365 (9th Cir. 1998) ............................................................... 4, 10

*Mullenix v. Luna*
　　577 U.S. 7 (2015) ....................................................................................... 7

*Munger v. City of Glasgow Police Department*
　　227 F.3d 1082 (9th Cir. 2000) .................................................................. 17

*Murguia v. Langdon*
　　61 F.4th 1096 (9th Cir. 2023) ................................................................... 16

*Radecki v. Barela*
　　146 F.3d 1227 (10th Cir. 1998) ................................................................ 14

*Rodriguez v. City of Fresno*
　　819 F.Supp.2d 937 (E.D. Cal. 2011) ........................................................ 11

*Sinclair v. City of Seattle*
61 F.4th 674 (9th Cir. 2023)............................................................ 5, 16, 17

*Smith v. City of Thornton*
Civil Action No. 12-cv-02915-WYD-MEH, 2013 U.S. Dist. LEXIS
139252 (D. Colo. Sep. 27, 2013)............................................................ 14

*Suit v. City of Folsom*
2016 WL 6696060 (E.D. Cal. Nov. 14, 2016) ................................... 11, 12

*Thaer Mahdi v. Salt Lake Police Department*
54 F.4th 1232 (10th Cir. 2022)................................................................ 13

*Wood v. Ostrander*
879 F.2d 583 (9th Cir. 1989).................................................................... 17

## INTRODUCTION

This is a civil action under Section 1983 brought by innocent bystanders who were injured by a fleeing criminal who lost control of his vehicle. Appellants Walid Abdelaziz and Jimmy Marin-Coronel brought an interlocutory appeal from the District Court's order on a motion for judgment on the pleadings that denied qualified immunity to the police officer defendants. A divided panel of this Court affirmed the District Court order on May 16, 2025. (See attached Slip Opinion.)

Appellants petition for a panel rehearing and/or rehearing *en banc* on the following issues and grounds:

1. The panel majority erred in holding that it was clearly established law that bystanders injured by a criminal suspect leading police on a high-speed chase may state a Fourteenth Amendment due process claim when the officer's intended to harm the fleeing suspect but did not intend to harm any third parties. This holding directly conflicts with this Court's decision in *Moreland v. Las Vegas Metropolitan Police Department,* 159 F.3d 365 (9th Cir. 1998). This decision also conflicts with authoritative decision of the United States courts of appeals of the Sixth, Seventh, Eighth, and Tenth Circuits (cited below).

2. The panel majority erred in holding that it was clearly established law that a police officer would violate the Fourteenth Amendment by failing to stop and render aid to persons injured by a fleeing criminal suspect. This holding directly

conflicts with this Court's decisions in *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) and *Sinclair v. City of Seattle,* 61 F.4th 674, 682 (9th Cir. 2023).

3. The panel decision also conflicts with well-established U.S. Supreme Court precedent guiding federal courts in determining whether a constitutional right was clearly established for purposes of qualified immunity. Panel rehearing and/or rehearing *en banc* are therefore necessary to secure or maintain uniformity of the court's decisions and conformity to decisions of the U.S. Supreme Court.

I.    **THE PANEL MAJORITY ERRED IN FINDING IT WAS "CLEARLY ESTABLISHED" THAT POLICE MAY BE LIABLE TO BYSTANDERS INJURED BY A FLEEING SUSPECT PURSUED BY POLICE ABSENT ANY INTENT TO HARM THE BYSTANDERS.**

This is a Section 1983 case brought by innocent bystanders who were injured by a fleeing criminal who lost control of his vehicle. The key question on this qualified immunity appeal is as follows:

> Was it *clearly established* that when police pursue a criminal suspect with intent to harm the *suspect*, the police will be liable if the suspect injures an innocent bystander -- without regard to whether the officers' intended to harm any third party.

Appellants argued to the panel that under the Fourteenth Amendment "intent to harm" standard, innocent parties injured by a fleeing suspect must show the officers intended to harm the bystander plaintiffs. The panel rejected this position, reasoning that the officers' conduct was "[no] less shocking when it injures someone other than the intended target." (Slip. Op. at __.). Appellants disagree with the holding, but do not seek *en banc* rehearing of the underlying constitutional issue. As shown below, the panel's further conclusion that its holding was based on clearly established law was error.

The panel acknowledged that neither the U.S. Supreme Court nor any federal case within this Circuit (until now) ever held police liable when a fleeing criminal suspect injured third parties. Nor had any case addressed the specific fact pattern of this case. The issue below was decided on the pleadings, and the court

Appellants' Petition for Rehearing En Banc    No. 23-4466

was required to assume the truth of the allegation that the officers intended to harm the fleeing suspect but did *not* intend to injure any bystanders.

These concessions – that no case had found officers liable for injuries to bystanders and the specific facts of this case are novel -- should have ended the debate in favor of immunity. A constitutional right is not clearly established unless "existing precedent" from the time of the incident "squarely governs the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

The majority opinion relies on the exception for "obvious cases" of violation of a federal right. Immunity may be denied when "a general constitutional rule already identified in the decisional law may apply with *obvious* clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 772 (9th Cir. 2022) (emphasis added; cited at Slip Op. __.) As this Court stated, the exception for obvious unlawful conduct applies in "rare cases." *A. D. v. State of Cal. Highway Patrol*, 712 F.3d 446, 455 (9th Cir. 2013).[1]

---

[1] This is truly rare. For example, in one case, this Court held that it was not obviously unconstitutional for officers to steal $175,000 in seized property. *Jessop v. City of Fresno*, 936 F.3d 937, 942 (9th Cir. 2019).

7

The panel found that its holding was "implicit" in the Supreme Court's decision in County *of Sacramento v. Lewis*, 523 U.S. 833 (1998),. (Slip Op. at __.) *Lewis* was the seminal Supreme Court case on Fourteenth Amendment liability for injuries caused by police chases. Lewis was a passenger on Willard's motorcycle as he fled at high speed from Deputy Smith. After a pursuit, the motorcycle crashed, and Deputy Smith ran over passenger Lewis, who died from his injuries. It was undisputed the deputy did not intend to strike or harm Lewis with his car. The district court granted Deputy Smith's summary judgment motion. On appeal, this Circuit teed up the issue as what level of intent was required for a substantive due process violation.

> [T]he labels the courts have applied to official conduct constituting a § 1983 due process violation range across a spectrum that lies between ordinary negligence and intentional misconduct.

*Lewis v. Sacramento Cty.*, 98 F.3d 434, 439 n.5 (9th Cir. 1996).

This Court concluded that record in *Lewis* created a disputed fact as to a violation of Lewis's due process rights based on less-than-intentional conduct:

> When we construe the facts in the light most favorable to plaintiffs, we conclude that there remains a genuine issue of material fact as to whether Officer Smith acted with deliberate indifference to or in reckless disregard of Lewis's due process rights to life and personal security. (*Id.* at 442.)

The opinion shows that this Court framed the intent from the point of view of Lewis's due process rights. The Supreme Court took the case up on a writ of certiorari. Like the Ninth Circuit, the Supreme Court considered the issue to be the officer's intent vis-à-vis Lewis, the passenger and plaintiff. The driver of the motorcycle was not a party to the case. The Supreme Court stated:

> The fault claimed on [Deputy] Smith's part in this case accordingly fails to meet the shocks-the-conscience test. In the count charging him with liability under § 1983, respondents' complaint alleges a variety of culpable states of mind: "negligently responsible in some manner," (App. 11, Count one, P8), "reckless and careless" (*id*., at 12, P15), "recklessness, gross negligence and conscious disregard for [Lewis's] safety" (id., at 13, P18), and "oppression, fraud and malice" (*Ibid*.) . . . The Court of Appeals understood the claim to be one of deliberate indifference to Lewis's survival, which it treated as equivalent to one of reckless disregard for life.

*Lewis*, 523 U.S. at 854.

The Supreme Court held that only the highest level of intent would support a claim of deprivation of due process rights under the Fourteenth Amendment. Justice Souter, writing for the Court, said such a claim required "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 849.

Neither this Court nor the Supreme Court in *Lewis* addressed whether Deputy Smith intended any harm to the driver of the motorcycle, who initiated the

chase by fleeing but was not a party to the lawsuit. Neither did either Court imply that intent to harm a third party would satisfy a plaintiff's burden.

Next, the panel majority opinion states: "If *Lewis* left any doubt regarding bystanders, we have since resolved it" in *Moreland v. Las Vegas Metropolitan Police Department*, 159 F.3d 365 (9th Cir. 1998) . (Slip Op. at __.) The majority misreads *Moreland.* In that case, Las Vegas police responded to a gunfight in a parking lot outside a bar shortly after midnight. When police arrived, a sizeable crowd was caught in the crossfire. Police shot and killed a man whom they believed to be one of the shooters. After the gunfight was over, investigation revealed that the deceased was an unarmed bystander.

Based on *Lewis,* the Ninth Circuit in *Moreland* held that police were not liable because they hadn't intended to harm a bystander. The Court stated its interpretation of *Lewis* in no uncertain terms:

> Appellants have failed to state a viable substantive due process claim because . . . [they do not address] the controlling question of whether [Officer] Burns acted with a purpose to harm [bystander] Douglas that was unrelated to his attempt to stop the male [gunman] in the parking lot from endangering others. (*Id.* at 373.)

As observed by the panel's dissenting opinion:

> [W]e definitively held [in *Moreland*] that bystanders must establish intent to harm the bystanders to sustain a due process

> claim. To get around this, the majority completely
> misreads *Moreland.* (Slip Op. at ___.)

While the panel majority misread *Moreland,* other Courts did not. In *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937 (E.D. Cal. 2011), police accidentally shot the plaintiff when they fired at her boyfriend. In applying the *Lewis* intent-to-harm standard and the *Moreland* holding regarding injury to bystanders, the court stated:

> The court concludes that no reasonable trier of fact could find
> that [the officer] acted ***toward Plaintiff*** with malice or for the
> purpose of causing harm unrelated to any legitimate law
> enforcement interest. (*Id.* at 950 [emphasis added].)

Like *Moreland* and *Rodriquez,* almost every District Court and Circuit Court opinion in a bystander case that addressed the question of "Who must the officer intend to harm?" aligned with the panel dissenter, not the majority.

- ***Suit v. City of Folsom***, Case No. 2:16-00807 WBS, 2016 WL 6696060 (E.D. Cal. Nov. 14, 2016)

Innocent bystander Heather Suit was driving her daughter to school in Folsom, California. While they were on the road, Officer Kracher engaged in a vehicle pursuit of a suspect in a "non-violent" and "cold" misdemeanor case. In applying *Lewis* and the Fourteenth Amendment, the District Court stated:

In the court's August 8 Order, the court found plaintiffs' FAC did not allege sufficient facts to give rise to the inference that Officer Kracher acted with the ***intent to harm bystanders***. . . .

Plaintiffs have failed to allege that Officer Kracher, the City, or the Department acted with the ***purpose to harm plaintiffs*** [the innocent bystanders]. Because the SAC lacks even a single factual allegation from which the court could reasonably infer that Officer Kracher acted with a purpose to harm unrelated to a legitimate law enforcement objective, plaintiffs fail to allege a cognizable violation of the Fourteenth Amendment necessary to sustain a § 1983 claim against Officer Kracher, the City, and the Department.

*Suit,* 2016 WL 6696060 (E.D. Cal. Nov. 14, 2016)

- ***Claybrook v. Birchwell,*** 199 F.3d 350 (6th Cir. 2000)

The Sixth Circuit held:

[E]ven if, as the plaintiffs have argued, the actions of the three defendant patrolmen violated departmental policy or were otherwise negligent, no rational fact finder could conclude, even after considering the evidence in the light most favorable to [plaintiff], that those peace enforcement operatives ***acted with conscience-shocking malice or sadism towards the unintended shooting victim.*** (*Id.* at 360 [emphasis added].)

- ***Bublitz v. Cottey***, 327 F.3d 485, 491-92 (7th Cir. 2003)

Relying on *Lewis* in a case brought by innocent bystanders injured by a suspect in a high-speed police chase, the Seventh Circuit stated:

Because Mr. Bublitz does not seek to prove any intention or purpose on the part of the defendants to cause harm to the Bublitz family during the course of the high-speed chase, he

cannot show that what the officers did deprived him or his
family of their Fourteenth Amendment rights. (*Id.* at 491-92.)

- ***Helseth v. Burch***, 258 F.3d 867 (8th Cir. 2001)

Under *Lewis* and the Fourteenth Amendment, the Eighth Circuit found no
police liability to an innocent bystander injured by a fleeing suspect. The bystander
plaintiff – like the Plaintiffs/Appellees in this case – contended the police could be
liable to a bystander under the Fourteenth Amendment and *Lewis* based on police
intent to harm the fleeing suspect. The Eighth Circuit rejected this argument.

Burch and the other police officers . . . were not guilty of a
conscience-shocking intent to harm. [¶] Society could
reasonably decide that an innocent bystander injured during
such high-speed police pursuits should be compensated from
the public coffers. But that is a legislative decision. There was
no violation of Helseth's rights under the Due Process Clause.
(*Id.* at 872.)

- ***Mahdi v. Salt Lake Police Dep't***, 54 F.4th 1232 (10th Cir. 2022)

Plaintiff, an innocent bystander, suffered harm when an armed suspect being
pursued by police vehicles crashed into his shop and police opened fire on the
suspect. The Tenth Circuit applied *Lewis* and the Fourteenth Amendment. "Our
precedent . . . requires that the intent to harm **be directed at the plaintiff, not a
third person.**" (*Id.* at 1239.)

- ***Childress v. City of Arapaho***, 210 F.3d 1154 (10th Cir. 2000)

The Tenth Circuit rejected Fourteenth Amendment claims by innocent
bystanders wounded in a police shooting because "[n]owhere do plaintiffs present

specific facts suggesting that the officers harbored an intent to harm them. Thus, there is no constitutional liability under *Lewis*." (*Id.* at 1158.)

- ***Radecki v. Barela***, 146 F.3d 1227 (10th Cir. 1998)

The Tenth Circuit held that survivors of a bystander shot and killed during a police officer's physical struggle with a suspect had no Fourteenth Amendment claim because "where Plaintiffs have not even alleged that Deputy Barela acted with an intent to harm the participants or to worsen their legal plight, under the *Lewis* standard there is no constitutional liability." (*Id.* at 1232.)

- ***Smith v. City of Thornton***, Civil Action No. 12-cv-02915-WYD-MEH, 2013 U.S. Dist. LEXIS 139252 (D. Colo. Sep. 27, 2013)

Plaintiff was riding his motorcycle through an intersection when a Ford Expedition driven by a suspect fleeing police collided with him. Relying on *Lewis* and Tenth Circuit precedent, the district court stated:

> [I]n order to prevail on his Fourteenth Amendment substantive due process claim, [innocent bystander] Noel Smith must establish that the Defendants either intended to harm him or intended to worsen his legal plight. The complaint is void of any such allegations, and further, it was the suspect who collided with and injured Noel Smith, not the Defendants. As such, Noel Smith fails to state a claim upon which relief may be granted.

- ***Herbert v. New Orleans City***, No. 20-952, 2020 U.S. Dist. LEXIS 142031, at *19-20 (E.D. La. Aug. 10, 2020).

Appellants' Petition for Rehearing En Banc       No. 23-4466

In the case of an innocent bystander injured by a vehicle fleeing police, the Eastern District of Louisiana ruled:

> The plaintiff ***does not allege that the defendant officers intended to physically harm bystanders***, such as Ms. Herbert, when they engaged in the unauthorized police chase. At most, the complaint alleges that the defendant officers knew or should have known that substantial harm could occur to bystanders such as Ms. Herbert as a result of their actions, and that they were negligent in their pursuit of the suspects. Such a claim for negligently inflicted harm does not constitute a violation of Fourteenth Amendment due process. *See Lewis*, 523 U.S. at 849. (*Id.* at *19-20 [emphasis added].)

- ***Joubert v. City of Houston***, No. 4:22-CV-3750, 2024 U.S. Dist. LEXIS 172534 (S.D. Tex. Sep. 24, 2024).

In the case of another bystander injured by a fleeing suspect, the Southern District of Texas held:

> Plaintiffs attempt to overcome [the rule in *Lewis*] by pleading that the officers' decision to continue pursuing Reyes at high speeds was, by itself, sufficient to evince intent to harm [the innocent bystander]. Unfortunately, the Complaint is devoid of any facts plausibly showing that John Doe Officers knew of Joubert's presence on the road or possessed the intent to harm anyone, much less an intent to harm Joubert. Further emphasizing this factual gap is the fact that none of the Officers directly caused Joubert's death—it was [the fleeing suspect's] decisions while driving that caused the collision. (*Id.* at *10-12.)

## II.   THE OFFICERS WOULD NOT HAVE VIOLATED CLEARLY ESTABLISHED LAW IF THEY FAILED TO RENDER AID AND ASSISTANCE AT THE SCENE OF THE ACCIDENT.

With only two exceptions, "the Fourteenth Amendment does not confer an affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989).

The first exception is the special-relationship doctrine. The latest Ninth Circuit ruling on the subject makes clear that the special-relationship doctrine applies only to those in state custody such as "incarceration, institutionalization, or other similar restraint[s] of personal liberty." *Murguia v. Langdon*, 61 F.4th 1096, 1109 (9th Cir. 2023) (quoting *DeShaney*, 489 U.S. at 200). The special-relationship doctrine does not apply here because the plaintiffs were not in custody when they were injured.

The second exception, the state-created-danger doctrine, applies when a state actor places a person in a position of "actual, ***particularized*** danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (emphasis added). In the context of the state-created-danger doctrine, "particularized" means the danger "is directed at a specific victim." *Sinclair v. City of Seattle,* 61 F.4th 674, 682 (9th Cir. 2023). The fleeing suspect's speed and reckless driving threatened the safety of the public at large in proximity to the route of the chase. The officers' conduct did not create a danger *particularized* to the plaintiffs in this case. There is accordingly no substantive due process violation.

Based on a review and discussion of nearly every Ninth Circuit decision on the subject, the Court in *Sinclair* observed, "In each of those cases, the danger was particularized to the plaintiffs." (61 F.4th at 683.) Every case stemmed directly

Appellants' Petition for Rehearing En Banc                                          No. 23-4466

from an encounter between police (or another state actor) and the plaintiff. For example:

- In *Hernandez v. City of San Jose*, officers "shepherded [plaintiffs] into a violent crowd of protestors and actively prevented them from reaching safety." 897 F.3d 1125, 1138 (9th Cir. 2018).
- In *Munger v. City of Glasgow Police Department*, an officer expelled the inebriated plaintiff from a bar into the freezing night with nowhere to go, and he later succumbed to hypothermia. 227 F.3d 1082, 1086-87 (9th Cir. 2000).
- In *Wood v. Ostrander*, troopers stopped a car, arrested the driver (who was taking the plaintiff to her house), and left Ms. Wood stranded in a high crime area at 2:30 a.m. where she was subsequently raped. 879 F.2d 583, 590 (9th Cir. 1989).
- In *L.W. v. Grubbs*, a supervisor at a state facility assigned a female nurse to work alone with a male sex offender with a history of violent assaults against women. The court ruled the supervisor could be held liable after the inmate raped and kidnapped the plaintiff. 974 F.2d 119 (9th Cir.1992).

By contrast, in *Sinclair,* the danger to plaintiff's son (who was shot and killed by a third party) arose from the City's action in removing all officers from a particular police precinct due to large-scale protests. In rejecting the Fourteenth Amendment claim, the *Sinclair* Court noted that neither police nor the City "had any previous interactions with her son, directed any actions toward him, or even knew of her son's existence until he was killed." *Sinclair,* 61 F.4th at 683. Nor did the officers in this case have any knowledge of plaintiffs before the crash. At the

scene, the defendants did not by any affirmative conduct hinder or prevent other first responders from rendering aid and assistance.

In light of these precedents – which are clearly established – the defendant officers were not on notice that failure to stop, render emergency aid, or summon medical assistance would violate the plaintiffs' due process rights.

## CONCLUSION

For the foregoing reasons, the Court should grant a Panel Rehearing and/or rehearing en banc.

Dated:  May 30, 2024

<div style="margin-left:30%">

NEWDORF LEGAL
David B. Newdorf


By:_____
    DAVID B. NEWDORF

*Attorney for Defendant/Appellant*
*Walid Abdelaziz*

</div>